Bonilla-Sorto v. Garland
BIA
Donnolo, IJ
A206 844 586/587/588

## UNITED STATES COURT OF APPEALS
## FOR THE SECOND CIRCUIT

## <u>SUMMARY ORDER</u>

RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT. CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1.1. WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER"). A PARTY CITING TO A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Thurgood Marshall United States Courthouse, 40 Foley Square, in the City of New York, on the 14th day of March, two thousand twenty-two.

PRESENT:
> PIERRE N. LEVAL,
> REENA RAGGI,
> JOSEPH F. BIANCO,
> > *Circuit Judges.*

———————————————————————

FLOR DEL CARMEN BONILLA-SORTO,
MELISSA GISSELLE RIOS-BONILLA,
STEVEN DANIEL RIOS-BONILLA,
> *Petitioners,*

v.                                    19-2490
                                      NAC

MERRICK B. GARLAND, UNITED
STATES ATTORNEY GENERAL,
> *Respondent.*

———————————————————————

FOR PETITIONER:         Bruno Joseph Bembi, Esq.,
                        Hempstead, NY.

FOR RESPONDENT:         Joseph H. Hunt, Assistant Attorney

General; Holly M. Smith, Senior Litigation Counsel; Sarah K. Pergolizzi, Trial Attorney, Office of Immigration Litigation, United States Department of Justice, Washington, DC.

UPON DUE CONSIDERATION of this petition for review of a Board of Immigration Appeals ("BIA") decision, it is hereby ORDERED, ADJUDGED, AND DECREED that the petition for review is DENIED.

Petitioner Flor Del Carmen Bonilla-Sorto and her two children, all natives and citizens of El Salvador, seek review of a July 24, 2019 decision of the BIA affirming a January 18, 2018 decision of an Immigration Judge ("IJ"), which denied asylum, withholding of removal, and protection under the Convention Against Torture ("CAT"). *In re Flor Del Carmen Bonilla-Sorto, et al.*, Nos. A 206 844 586/587/588 (B.I.A. July 24, 2019), *aff'g* No. A 206 844 586/587/588 (Immigr. Ct. N.Y.C. Jan. 18, 2018). We assume the parties' familiarity with the underlying facts and procedural history.

We have reviewed the IJ's decision as modified and supplemented by the BIA. *See Xue Hong Yang v. U.S. Dep't of Just.*, 426 F.3d 520, 522 (2d Cir. 2005); *Yan Chen v. Gonzales*, 417 F.3d 268, 271 (2d Cir. 2005). The applicable standards

2

of review are well established. *See Paloka v. Holder*, 762 F.3d 191, 195 (2d Cir. 2014) (reviewing factual findings for substantial evidence and questions of law and application of law to fact *de novo*). Bonilla-Sorto[1] alleged that gang members were singling out members of her family for persecution and torture. We find no error in the agency's denial of relief.

As to asylum and withholding of removal, Bonilla-Sorto had the burden to show both that she is a member of a cognizable particular social group and that her purported persecutors were motivated to harm her on account of her membership in that group. *Paloka*, 762 F.3d at 195. Bonilla-Sorto first challenges the agency's finding that her proposed social group — which included immediate family within a household and distant relatives to whom she was not blood-related — was too broad. However, we need not address that issue because, even assuming *arguendo* that Bonilla-Sorto established that she is a member of a cognizable particular social group, substantial evidence supports the agency's

---

[1] We refer primarily to Bonilla-Sorto because all three applications are based on the same facts.

finding that she failed to present sufficient evidence that harm directed towards her and her family members was on account of family membership. *See also INS v. Elias-Zacarias*, 502 U.S. 478, 483 (1992) (requiring "*some* evidence" of motive, "direct or circumstantial"). Bonilla-Sorto's testimony supports the agency's conclusion that the persecutors were not motivated by the family relationship. She testified to attacks and threats against immediate and extended family members, but it is not clear if the same perpetrators were behind the alleged harms or that the actions were taken for the same reasons. At most, Bonilla-Sorto testified that the police believed that her brother-in-law was killed because he had ties to a gang that was the rival of a gang in Bonilla-Sorto's town and that her cousins and brother (who were killed) may have also been victims of gang violence. But this does not show that Bonilla-Sorto and her children were targeted with a burglary and extortion demand because of their family relationship. The nexus finding, or lack thereof, is further supported by the fact that many of Bonilla-Sorto's family, including her siblings and parents, remain unharmed in El Salvador. *See Melgar de Torres v.*

4

*Reno*, 191 F.3d 307, 313 (2d Cir. 1999) (holding that a fear of persecution is undermined when similarly situated family members remain unharmed in the native country). This nexus finding is dispositive of both asylum and withholding of removal. *See* 8 U.S.C. §§ 1158(b)(1)(B)(i), 1231(b)(3)(A); *Ramsameachire v. Ashcroft*, 357 F.3d 169, 178 (2d Cir. 2004) (a nexus to a protected ground is a required element of both asylum and withholding claims).

We also find no error in the denial of Bonilla-Sorto's CAT claim. She had the burden to show that she would "more likely than not" be tortured by or with the acquiescence of public officials. 8 C.F.R. §§ 1208.16(c)(2), 1208.17(a), 1208.18(a)(1). To assess whether torture is more likely than not to occur, the agency considers "all evidence relevant to the possibility of future torture . . . , including, but not limited to:" (1) an applicant's past torture; (2) evidence that petitioner could safely relocate within the country of removal; (3) evidence of "gross, flagrant or mass" human rights violations in the country of removal; and (4) other relevant country conditions. *See* 8 C.F.R. § 1208.16(c)(3). An applicant "will never be able to show that [s]he faces a

5

more likely than not chance of torture if one link in the chain cannot be shown to be more likely than not to occur. It is the likelihood of all necessary events coming together that must more likely than not lead to torture, and a chain of events cannot be more likely than its least likely link." *Savchuck v. Mukasey*, 518 F.3d 119, 123 (2d Cir. 2008) (quoting *In re J–F–F–*, 23 I. & N. Dec. 912, 918 n. 4 (A.G. 2006)).

Substantial evidence supports the denial of CAT relief. Neither Bonilla-Sorto nor her children were previously tortured, she testified that the police investigated the killings of her family members, and her immediate family members remain unharmed in El Salvador. *Id.* at 123–24; *see also Jian Xing Huang v. U.S. INS*, 421 F.3d 125, 129 (2d Cir. 2005) (holding that a fear is not objectively reasonable if it lacks "solid support" in the record and is merely "speculative at best"); *Melgar de Torres*, 191 F.3d at 313.

For the foregoing reasons, the petition for review is DENIED. All pending motions and applications are DENIED and stays VACATED.

> FOR THE COURT:
> Catherine O'Hagan Wolfe,
> Clerk of Court

6